**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-81663-RAR**

**JOHN W. WOOD, JR.**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA,
MARIAN S. KENNEY, and JOEL REMY**,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Insufficient Process, Insufficient Service of Process, and Failure to State a Claim [ECF No. 10] ("Motion"), filed on December 7, 2020. Plaintiff filed a Response to Defendants' Motion to Dismiss on December 28, 2020 [ECF No. 12]. Having reviewed the parties' written submissions, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## BACKGROUND

Following an allegedly miscalculated 2018 tax return, Plaintiff filed this *pro se* "Civil Rights Due Process" action against the Internal Revenue Service (IRS) and IRS revenue agents Joel Remy and Mariam Kenney on September 14, 2020. *See generally* Compl. [ECF No. 1]. Plaintiff filed his 2018 tax return with the IRS on January 9, 2019 requesting a tax refund of $1,912.00. *Id.* ¶ 1. Plaintiff asserts that he was entitled to the refund based on his annual income of approximately $42,000 and a court-verified net-operating loss of $277,175. *Id.* However,

instead of a refund, on May 20, 2019, Plaintiff received a tax bill from the IRS for $2,786.29 with penalties and interest. *Id.* ¶ 4. Plaintiff alleges that the IRS "chang[ed] his signed tax return without due process of an audit and his right to defend his signature." *Id.* (emphasis omitted). In sum, Plaintiff contends that "[t]he IRS has unlawfully, 'under color of law', falsified [his] return without 'Due Process' of an official audit and without [his] 'Right to Appeal.'" *Id.* ¶ 11 (emphasis omitted).

The Complaint alleges that approximately a month after Plaintiff received the tax bill from the IRS, he went to the IRS Service Building in West Palm Beach, Florida and obtained a "Tax Liability Review" audit performed by IRS agent Joel Remy. *Id.* ¶¶ 5, 12-14. On August 4, 2020, Plaintiff received the audit report from Remy, which concluded that Plaintiff was "disallowed the Qualified Business Income Deduction [QBID] in the amount of $277,175 claimed on form 1040X filed for 2018 (page 6 of 10). The claim is disallowed in full since not substantiated as a Qualified Business Income Deduction (QBID) per IRC 199A." *Id.* ¶¶ 17-18 (emphasis omitted). Plaintiff maintains that the auditor report did not "verif[y] the proper NOL amount (the stated purpose of the audit)." *Id.* ¶ 18. Further, Plaintiff asserts that Remy "did not acknowledge [] the Taxpayer's right to have his $739,914 partnership payments losses run from 2015 thru to 2034" and that "auditor (Remy) and her supervisor (Kenney (sic) cannot claim that QBID requires 'business income' on his return to qualify for a NOL." *Id.* ¶¶ 21, 23 (emphasis omitted).

Plaintiff summarizes his legal positions as follows: (1) "his 20-year NOL Program of a Court Documented $739,175.00 . . . is the Controlling legal issue and cannot be modified by another new 2018 definition of what a NOL might be now."; (2) his NOL of $739,914 "is now in the Plaintiff's 20-year NOL Program and cannot be further questioned by the IRS" because it had been audited and "went unchallenged"; (3) "no employee can modify the Plaintiff's Tax Return without an Audit and the Plaintiff's Right to an Appeal."; and (4) "the auditor (Remy) is totally

confused relating to the legal issues she herself introduced to the otherwise simple verification of the NOLs for Tax Records 2018 & 2019." *Id.* ¶¶ 25-28 (emphasis omitted).  Plaintiff notes that "while he intends to [a]ppeal the IRS decision, he still plans to go to Court to clear his name and reestablish his 14th Amendment Constitutional Right to Due Process and Equal Protection to all Laws and the Taxpayer Rights in Publication 1." *Id.* ¶ 35.

Defendants seek dismissal of Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6).  *See* Mot. at 1.  ***First***, Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's tax refund and Federal Torts Claims Act (FTCA) claims against the United States because Plaintiff fails to show that the United States waived its sovereign immunity.  *Id.* at 2.  ***Second***, Defendants contend that Plaintiff's claims for declaratory and injunctive relief are barred by the Anti-Injunction Act and Declaratory Judgment Act.  *Id.* at 2-3.  ***Third***, Defendants maintain that the Court lacks personal jurisdiction over them because Plaintiff did not comply with the service requirements under Federal Rule of Civil Procedure 4.  *Id.* at 3.  ***Fourth***, Defendants argue that Kenney and Remy cannot be subjected to *Bivens*[1] liability because (1) Congress expressly provided a comprehensive alternative system to protect Plaintiff's interests, and (2) the individual Defendants otherwise enjoy qualified immunity with respect to their alleged misconduct.  *Id.*

## ANALYSIS

### a. Motion to Dismiss Claims Against the United States Under Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction

Challenges to subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) come in two general forms: "facial" attacks and "factual" attacks.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  A facial attack requires the Court to merely

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

look at the complaint to see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are accepted as true for purposes of the motion to dismiss. *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)). A factual attack, on the other hand, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation and citation omitted). Here, Defendants assert a facial attack on subject matter jurisdiction, arguing that Plaintiff has failed to meet his burden to show that the United States waived sovereign immunity with respect to Plaintiff's claims.[2] *See* Mot. at 3-4.

"When the United States has not consented to suit, the action must be dismissed for lack of subject matter jurisdiction." *Pace v. Platt*, No. 3:01-CV-471/LAC, 2002 WL 32098709, at *3 (N.D. Fla. Sept. 10, 2002), aff'd, 67 F. App'x 584 (11th Cir. 2003) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990)). Waivers of sovereign immunity must be unequivocally expressed and strictly construed in favor of the sovereign. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). A plaintiff bears the burden of establishing that the government has waived sovereign immunity with respect to his claims. *Reeves v. Belton*, No. 14-60608-CIV, 2014 WL 4388145, at *2 (S.D. Fla. Sept. 5, 2014).

Here, Plaintiff has not alleged any specific basis for a waiver of sovereign immunity, nor does he directly address Defendants' sovereign-immunity arguments in his Response to the Motion. Nevertheless, Defendants have provided examples of waivers of sovereign immunity

---

[2] The United States is substituted as the real party in interest in this case because the IRS is not an entity that can be sued. *See Brewer v. Comm'r, Internal Revenue*, 435 F. Supp. 2d 1174, 1178–79 (S.D. Ala. 2006). When the IRS is sued—or when an IRS officer is sued in his or her official capacity—the proper approach is to treat the action as one brought against the United States. *Id.* at 1178; *Militello v. Bardell*, 970 F. Supp. 1022, 1024 (M.D. Fla. 1997); *Rosado v. Curtis*, 885 F. Supp. 1538, 1542 (M.D. Fla. 1995), aff'd, 84 F.3d 437 (11th Cir. 1996).

pertinent to tax-related suits and explained why these waivers are unavailable to Plaintiff. The Court shall address each of these potential waivers in turn, as well as the impact of the Anti-Injunction Act and Declaratory Judgment Act on Plaintiff's claims.

> ### *i.   Plaintiff Has Not Established A Waiver of Sovereign Immunity Under 28 U.S.C. § 1346(a)*

The primary jurisdictional statute governing judicial review of federal tax decisions is 28 U.S.C. § 1346(a). *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011). Under 28 U.S.C. § 1346(a), the United States consents to being sued in:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

However, before proceeding with a suit under § 1346, a taxpayer must comply with two jurisdictional prerequisites. First, under the "full-payment" rule, the taxpayer "must make full payment of an assessed tax before filing a refund suit with respect to that tax." *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015) (citing *Flora v. United States*, 357 U.S. 63, 68–70 (1958)).

Second, pursuant to 26 U.S.C. § 7422(a), the taxpayer must file a claim for a refund or credit with the IRS before he may commence a tax refund suit. *Id.*; *see also Christian Coal. of Fla.*, 662 F.3d at 1188. More fully, § 7422(a) provides, in relevant part:

> **(a) No suit prior to filing claim for refund.**--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Further, "the administrative claim must be 'verified by a written declaration'; set forth 'in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis' of the claim; and use the appropriate tax refund form." *Enax v. Comm'r*, 476 F. App'x 857, 859 (11th Cir. 2012) (citing 26 C.F.R. §§ 301.6402–2(b), 301.6402–3(a)). "Courts, including the United States Supreme Court, have repeatedly held that a taxpayer may not maintain a suit for a refund of taxes unless a claim for a refund has been properly filed within the applicable time period." *Ruble v. U.S. Gov't, Dep't of Treasury, I.R.S.*, 159 F. Supp. 2d 1381, 1383 (N.D. Ga. 2001) (citing *United States v. Dalm*, 494 U.S. 596, 602 (1990); *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir.1992) ("A taxpayer may not sue the United States for a tax refund until it first files a refund claim with the government."); *Thompson v. United States*, No. CIV.A.1:98–CV–1838RW, 1999 WL 302453, at *2 (N.D. Ga. 1999)). If a taxpayer fails to conform with both requirements, the district court lacks jurisdiction to hear the tax refund suit, and the suit must be dismissed. *Enax*, 476 F. App'x at 859; *Ruble*, 159 F. Supp. 2d at 1384.

Here, Plaintiff has not established that he has satisfied the full-payment rule as required under 28 U.S.C. § 1346(a) for a waiver of sovereign immunity. Plaintiff alleges that he is entitled to a $1,912.00 tax refund for tax year 2018, and that instead of providing him with his refund, the IRS found that Plaintiff owed a balance of $2,786.29. *See* Compl. ¶ 4. However, Plaintiff does not allege anywhere in his Complaint—or in his response to the Motion—that he has paid the tax deficiency. Accordingly, Plaintiff has not met his burden to show a waiver of sovereign immunity under § 1346(a).[3]

---

[3] Because Plaintiff has not shown that he has satisfied the full-payment rule, it is unnecessary for the Court to analyze whether the Amended Tax Return attached to Plaintiff's Complaint meets the requirements for a "claim for refund" under § 7422(a) and the applicable regulations.

### ii.     *Plaintiff Has Not Established A Waiver of Sovereign Immunity Under the FTCA*

The FTCA expressly proscribes the district court from exercising jurisdiction over a plaintiff's claims against the United States "arising in respect of the assessment or collection of any tax …" 28 U.S.C. § 2680(c); *see also Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007). Thus, to the extent that Plaintiff's Complaint can be construed as relying on the FTCA, Plaintiff has again failed to show that the United States waived its sovereign immunity.

### iii.    *Plaintiff's Claims for Injunctive and Declaratory Relief Are Barred by the Anti-Injunction Act and the Declaratory Judgment Act*

Plaintiff also appears to seek injunctive relief to restrain the IRS and its agents from assessing, auditing, and collecting his taxes. However—except for suits brought under a handful of enumerated statutory exceptions[4] that Plaintiff has not raised here and that appear inapplicable—"[t]he Internal Revenue Code's Anti–Injunction Act generally forbids courts to restrain the [IRS] from assessing or collecting a tax." *Hempel v. United States*, 14 F.3d 572, 573 (11th Cir. 1994) (citing 26 U.S.C. § 7421(a)); *see also Christian Coal. of Fla.*, 662 F.3d at 1188–89. "Instead, taxes ordinarily may be challenged only after they are paid, by suing for a refund." *In re Walter Energy, Inc.*, 911 F.3d 1121, 1136 (11th Cir. 2018). "When the Anti-Injunction Act applies, it deprives federal courts of jurisdiction." *Id.* The Court therefore finds that it lacks jurisdiction to entertain Plaintiff's claims for injunctive relief.

---

[4] These exceptions pertain to: (1) a petition for review by the Tax Court for relief from joint and several liability on joint returns [26 U.S.C. § 6015(e)]; (2) the assessment and collection of deficiencies prior to the issuance of a notice of deficiency [§§ 6212(a) and (c) and 6213]; (3) a premature action for assessing a deficiency attributed to a partnership [§§ 6225(b), 6246(b)]; (4) suspension of a levy action if a hearing is requested under section 6330(a)(3)(B) [§ 6330(e)(1)]; (5) suspension of a levy action during the pendency of proceedings for a refund of divisible tax [§ 6331(i)]; (6) the collection of "responsible person" penalties where a bond has been filed [§ 6672(c)]; (7) the collection of a tax return preparer penalty [§ 6694(c)]; (8) the enforcement of a levy on property where such enforcement would injure the interest of a lienholder other than the person against whom the tax has been assessed [§§ 7426(a) and (b)(1)]; (9) the review of the reasonableness of a jeopardy assessment [§ 7429(b)]; and (10) proceedings for determination of employment status [§ 7436]. *Hovind v. Schneider*, No. 3:02CV297/RV/MCR, 2002 WL 31835439, at *2, n.3 (N.D. Fla. Oct. 31, 2002).

Further, to the extent Plaintiff seeks a declaratory judgment as to the IRS's authority to audit his tax returns, such a claim is barred by the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. The DJA, "which generally authorizes courts to issue declaratory judgments as a remedy, excludes federal tax matters from its remedial scheme." *Christian Coal. of Fla.*, 662 F.3d at 1188–89; *see also Raulerson v. United States*, 786 F.2d 1090, 1093 n.7 (11th Cir. 1986) ("Th[e DJA] proscribes judicial declaration of the rights and legal relations of any interested parties in disputes involving federal taxes.") (internal quotation marks omitted).

### b. *Motion to Dismiss Bivens Claims Under 12(b)(6) for Failure to State a Claim*

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.

A court considering a 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits—but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

Although Plaintiff does not clearly specify his theory of liability for his claims against Defendants Kenney and Remey, Plaintiff's frequent references to due process violations suggest that he is attempting to state a Fifth Amendment claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the "Supreme Court for the first time recognized an implied private action for damages against federal officers alleged to have violated a citizen's Fourth Amendment rights while acting in their official capacities." *Alvarez v. U.S. Immigration & Customs Enf't*, 818 F.3d 1194, 1205 (11th Cir. 2016). The Supreme Court subsequently held that *Bivens* also allows plaintiffs to "bring claims for damages when federal officials engage in certain conduct that violates the Fifth and Eighth Amendments, finding that in these contexts a complete absence of alternative remedies required the recognition of an implied cause of action." *Id.*

"Damages can be obtained in a *Bivens* action when (1) the plaintiff has no alternative means of obtaining redress and (2) no 'special factors counseling hesitation' are present." *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004) (citing *Stephens v. Dep't of Health & Hum. Servs.*, 901 F.2d 1571, 1575–76 (11th Cir. 1990)). "Those special factors 'include an appropriate judicial deference' toward the will of Congress: 'When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies.'" *Id.* (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). Notably, the existent remedial mechanisms do not need to provide "complete relief" for the plaintiff. *Schweiker*, 487 U.S. at 425. "[A]s long as Congress has established an 'elaborate, comprehensive scheme' governing a particular type of claim, this Court will not allow a *Bivens* remedy to supplement that system[.]" *Alvarez*, 818 F.3d at 1206.

Here, the Court finds that the existence of an alternative remedial scheme to challenge tax collection and assessment warrants dismissal of Plaintiff's *Bivens* claims against Kenney and Remy.  Specifically, 26 U.S.C. § 7422 provides a mechanism for Plaintiff to seek rectification of his purportedly erroneous tax bill once he has complied with the requirements of that statute—*i.e.*, paying his tax deficiency, filing an administrative claim with the IRS, and, depending on the outcome, then pursuing a review of this IRS determination in federal court.  Furthermore, "26 U.S.C. §§ 7432 and 7433 have authorized taxpayer actions against the United States to recover limited damages resulting from specific types of misconduct by IRS employees."  *Vennes v. An Unknown No. of Unidentified Agents of U.S.*, 26 F.3d 1448, 1454 (8th Cir. 1994).[5]

"Courts . . . have repeatedly held that a *Bivens* remedy should not be available for damages against agents of the Internal Revenue Service for assessment and collection activities" because Congress has put in place "adequate procedures to address any constitutional violations that may occur in the course of assessing and collecting taxes."  *Curry-Bey v. United States*, No. 01-0062-CIV-UNGARO-B, 2001 WL 1103230, at *3 (S.D. Fla. Aug. 6, 2001); *see also MacElvain v. United States*, No. 02-A-0102-N, 2002 WL 31409568, at *11 (M.D. Ala. Sept. 5, 2002) (finding that plaintiff was precluded from pursuing a *Bivens* claim against IRS employees because adequate alternative remedies are available under 26 U.S.C. §§ 7432 and 7433); *Vennes*, 26 F.3d at 1454 (finding that district court correctly dismissed *Bivens* claims against IRS agents because "Congress has provided specific and meaningful remedies for taxpayers who challenge overzealous tax assessment and collection activities.").

---

[5] Although Plaintiff did not invoke 26 U.S.C. § 7433 and Defendants did not address this provision, the Court has nevertheless considered whether it could exercise jurisdiction over Plaintiff's suit against the United States by construing it as a claim under § 7433.  However, even if the Court were to construe Plaintiff's suit as a claim under § 7433, dismissal would be warranted for failure to state a claim because Plaintiff has not established that he has exhausted administrative remedies within the IRS as required by that statute.  *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 844 n.4 (11th Cir. 2020); *Galvez v. I.R.S.*, 448 F. App'x 880, 886 (11th Cir. 2011).

Accordingly, Plaintiff's *Bivens* claims against Kenney and Remy are dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's claims against the United States are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

2. Plaintiff's claims against the individual Defendants Kenney and Remy are **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

3. Defendants' Motion to Dismiss for lack of personal jurisdiction, insufficient service, and insufficient process is **DENIED AS MOOT** because the Court finds that dismissal of this action is warranted for lack of subject matter jurisdiction and failure to state a claim.

4. The Clerk of Court shall **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**